IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ARTHUR LEE WITHERSPOON, # 26000, )
 )
  Petitioner, )
 )
 v. ) Civil Action No. 3:14cv165-WKW
 )  (WO)
DEWAYNE ESTES, *et al.*, )
 )
  Respondents. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Arthur Lee Witherspoon ("Witherspoon") on March

6, 2014.[1]  *Doc. No. 1*.  Witherspoon challenges his 2008 jury trial convictions in the Macon

County Circuit Court on charges of burglary in the first degree, rape in the first degree, and

sodomy in the first degree.  The trial court sentenced him as an habitual offender to life in

prison without parole.  In his § 2254 petition, Witherspoon claims that he received ineffective

assistance of counsel at trial.  *Doc. No. 1* at 5-8.  He also asserts that he is actually innocent

of the offenses of which he was convicted.  *Id*. at 6.  The respondents answer (*Doc. No. 7*)

---

[1] Although Witherspoon's petition was stamped as received in this court on March 12, 2014, it was signed by Witherspoon on March 6, 2014.  *Doc. No. 1* at 9. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th  Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Witherspoon] signed it... ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

that Witherspoon's actual innocence claim lacks merit and that his petition is barred from

review by the one-year limitation period for § 2254 petitions. *See* 28 U.S.C. § 2244(d).

After considering the pleadings, evidentiary materials, and applicable law, the court

concludes that no evidentiary hearing is required and that Witherspoon's petition should be

denied as untimely.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of a State
> court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>
>> (B) the date on which the impediment to filing an
>> application created by State action in violation of the
>> Constitution or laws of the United States is removed, if the
>> applicant was prevented from filing by such State action;
>
>> (C) the date on which the constitutional right asserted
>> was initially recognized by the Supreme Court, if the right has
>> been newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim
>> or claims presented could have been discovered through the
>> exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On April 15, 2008, a Macon County jury found Witherspoon guilty of burglary in the first degree, rape in the first degree, and sodomy in the first degree. *Resp'ts Ex. B.* On June 23, 2008, the trial court sentenced Witherspoon as an habitual felony offender to life in prison without parole. *Resp'ts Ex. C.* Witherspoon pursued no direct appeal.

Because Witherspoon did not appeal, his conviction became "final" on August 4, 2008, i.e., 42 days after sentencing, when his time lapsed to file timely notice of appeal ("the time for seeking [direct] review"). *See* 28 U.S.C. § 2244(d)(1)(A); Ala.R.App.P. 4(b)(1) (criminal defendant has 42 days from sentencing to file notice of appeal); *McCloud v. Hooks,* 560 F.3d 1223, 1227 (11ᵗʰ Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."). Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period Witherspoon had to file his § 2254 petition commenced on August 4, 2008, and expired one year later, unless that deadline was extended through tolling.

*Statutory Tolling*

Section 2244(d)(2) of the AEDPA provides that the one-year limitation period is tolled for the time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2); *see Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11ᵗʰ Cir. 2001). On

December 18, 2008, Witherspoon filed a petition for post-conviction relief under Rule 32 of

the Alabama Rules of Criminal Procedure in the trial court challenging his convictions and

sentence, thereby tolling the limitation period for filing a § 2254 petition under § 2244(d)(2).

*Resp'ts Ex. D.*  At that time, the one-year limitation period for filing a § 2254 petition had

run for 136 days (i.e., from August 4, 2008, to December 18, 2008).  The trial court denied

Witherspoon's Rule 32 petition on May 26, 2009.  Witherspoon did not appeal that decision.

Therefore, the decision was final, the state court proceedings concluded, and the federal

limitation period began to run again 42 days later, on July 7, 2009.  *See* Ala.R.App.P. 4(b)(1).

As reflected in the dates recounted above, Witherspoon's Rule 32 petition was

pending in the state courts from December 18, 2008, through July 7, 2009.  On July 7, 2009,

he had 229 (i.e., 365 - 136) days remaining within which to file a timely federal habeas

petition.  After the limitation period began to run again for him on July 7, 2009, it ran

unabated before expiring 230 days later, on February 22, 2010.[2]

The tolling provisions of § 2244(d)(1)(B) - (D) do not provide safe harbor for

Witherspoon such that the federal limitation period commenced on some date later than

August 4, 2008. There is no evidence that any unconstitutional or illegal State action impeded

Witherspoon from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B).

Witherspoon presents no claim that rests on an alleged "right [that] has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[2] The court adds an additional day for the running of the limitation period in this case, because February 21, 2010, was a Sunday.

review." *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, Witherspoon submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

## *Equitable Tolling*

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida.*, 560 U.S. 631, 649 (2010).  *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Witherspoon brings forth no evidence demonstrating he is entitled to equitable tolling, and this court knows of no reason that would support tolling of the limitation period in this case.

## *Actual Innocence*

In his petition, Witherspoon asserts that he is actually innocent of the offenses of which he was convicted.  *Doc. No. 1* at 6.  Demonstrated actual innocence may trump a time bar in habeas proceedings and act as a gateway through which a petitioner can pass to have the claims in his § 2254 petition reviewed.  *See Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012). The standard for actual innocence,

however, is exacting.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that habeas petitioners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

To support his claim of actual innocence, Witherspoon points to a lab report by the Alabama Department of Forensic Sciences containing test results of samples in the rape kit examination of the victim. *See Doc. No. 1-1*. Witherspoon alleges that this lab report (which he attaches to his petition), if offered into evidence at trial, would have created a reasonable

doubt among jurors as to his guilt, because one of the swab samples taken from the victim

"appeared to be negative for sperm and blood." *Doc. No. 1* at 6.  However, the lab report

reflects that vaginal, rectal, and genital swab samples from the victim were positive for the

presence of semen; that rectal, genital, and oral swab samples from the victim were positive

for the presence of blood; and that DNA analysis indicated that Witherspoon was the source

of the semen found on the vaginal swab samples from the victim. *Doc. No. 1-1* at 2.

Specifically, the lab report states that "[t]he major component of the genetic traits detected

in the semen on the vaginal swabs/smear found in the Sexual Assault Evidence Kit ... and the

DNA profile of Arthur Lee Witherspoon match"; that "[t]his combination of genetic traits

occurs in approximately 1 of 763 quadrillion random, unrelated Caucasian individuals, and

1 of 56.2 quadrillion random, unrelated African-American individuals"; and that "[w]ith a

high degree of confidence, Arthur Lee Witherspoon, or his identical twin, is the source of the

semen on the vaginal swabs/smear." *Id*.

Witherspoon does not specify which swab sample indicated negative for both blood

and semen. *See* Doc. No. 1 at 6.  While it appears that he may be referring to the oral swab

sample, the lab report, as previously noted, reflects that the oral swab sample indicated

positive for the presence of blood. *Doc. No. 1-1* at 2.

Witherspoon maintains that he asked his attorney to offer the lab report in evidence

at trial, *Doc. No. 1* at 6; thus, the contents of the lab report were known to the defense at the

time of trial.  Such evidence, then, is arguably not "new."  The Eleventh Circuit has not

directly decided whether evidence available at trial but simply not presented should be considered "new" under *Schlup*. *See Rozzelle*, 672 F.3d at 1018 n.21 (declining to reach issue but discussing decisions from other circuits, some holding that evidence is not "new" under *Schlup* if it was available at trial but petitioner chose not to present it to the jury, others holding that evidence is "new" under *Schlup* so long as it was not presented at trial).  In any event, even if Witherspoon's known-but-not-presented evidence is considered "new" under *Schlup*, such evidence does not carry Witherspoon's heavy burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence. *See Schlup*, 513 U.S. at 327.  Indeed, any exculpatory value of the lab report appears to be *de minimis*, while the overall effect of the lab report's contents is highly inculpatory.

Witherspoon fails to point to any new exculpatory evidence that is sufficiently reliable and probative to satisfy the criteria for actual innocence, and the court cannot conclude that it is more likely than not that no reasonable juror would have found him guilty in light of the alleged new evidence. *Schlup*, 513 U.S. at 327.  As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted).  Witherspoon's is not such a case.  Therefore, he is not entitled to the actual innocence exception to the habeas statute's time bar.

Here, the one-year limitation period in § 2244(d) expired on February 22, 2010.

Because Witherspoon did not file his § 2254 petition until March 6, 2014, his petition is time-barred and this court may not address the merits.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case dismissed prejudice, because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before February 29, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 16th day of February, 2016.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE